George M. Kraw (California Bar No. 71551)
Katherine McDonough (California Bar No. 241426)
Michael Bedolla (California Bar No. 302517)
Kraw Law Group
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800
Facsimile:  650-314-7899
gkraw@kraw.com
kmcdonough@kraw.com
mbedolla@kraw.com

Attorneys for:
Western States Insulators and Allied Workers Pension Plan;
Western States Insulators and Allied Workers Health Plan;
Western States Insulators and Allied Workers Individual Account Plan;
Board of Trustees of the Western States Insulators and Allied Workers Pension Plan;
Board of Trustees of the Western States Insulators and Allied Workers Health Plan;
Board of Trustees of the Western States Insulators and Allied Workers Individual Account Plan.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| WESTERN STATES INSULATORS AND ALLIED WORKERS PENSION PLAN; WESTERN STATES INSULATORS AND ALLIED WORKERS HEALTH PLAN; WESTERN STATES INSULATORS AND ALLIED WORKERS INDIVIDUAL ACCOUNT PLAN; BOARD OF TRUSTEES FOR THE WESTERN STATES INSULATORS AND ALLIED WORKERS PENSION PLAN; BOARD OF TRUSTEES FOR THE WESTERN STATES INSULATORS AND ALLIED WORKERS HEALTH PLAN; and BOARD OF TRUSTEES FOR THE WESTERN STATES INSULATORS AND ALLIED WORKERS INDIVIDUAL ACCOUNT PLAN,<br><br>                    Plaintiffs,<br><br>         v.<br><br>FRONTIER, INC.,<br><br>                    Defendant. | Case No.:<br><br>**COMPLAINT** |

Case No.:         COMPLAINT

This action arises under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC § 1001, *et seq.*, and Section 301 of the Labor Management Relations Act of 1974 ("LMRA"), 29 U.S.C. §§ 1132 and 185.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction of this action under the terms of Section 502(a), (e) and (g) of ERISA, 29 U.S.C. §1132(a), (e) and (g), 29 U.S.C. §185 and 28 U.S.C. § 1331.

3. This Court has venue over this action pursuant to Section 502(e) of ERISA, 29 U.S.C. §1132 (e), in that this is the district where the Plaintiffs Western States Insulators and Allied Workers Pension Plan, Western States Insulators and Allied Workers Health Plan, and Western States Insulators and Allied Workers Individual Account Plan (hereinafter referred to as "Benefit Funds") are administered and where the breaches described herein took place.

**INTRADISTRICT ASSIGNMENT**

4. Pursuant to Civil L.R. 3-2 (c), assignment to the San Francisco / Oakland Division of the United States District Court for the Northern District of California is appropriate because the Benefit Funds are administered in this district.

**PARTIES**

5. Plaintiffs have been at all material times herein citizens of the United States, residents of the State of California and doing business in Alameda County. The Benefit Funds are employee benefit plans within the meaning of Sections 3(1), 3(2) and 3(3) of ERISA, 29 U.S.C. §1002 (1), (2) and (3), and are maintained for the purpose of providing retirement, health and welfare, and related benefits to eligible participants. The Benefit Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements between

employers and various Local Unions, and therefore, are multiemployer plans under Section 3(37) of ERISA, 29 U.S.C. §1002(37).

6. Plaintiff members of the Board of Trustees of the Benefit Funds (hereinafter referred to as "Board of Trustees") are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

7. The Benefit Funds and Board of Trustees maintain their principal place of business at 7180 Koll Center Parkway, Suite 200, Pleasanton, California.

8. Defendant Frontier, Inc. is a corporation existing under the laws of the State of Colorado with offices located in Colorado. Defendant transacts business in the State of Colorado as a contractor or subcontractor in the insulation industry. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §1002(5), (11), and (12), and Section 2(2) of the LMRA, 29 U.S.C. §152(5).

9. Defendant is a signatory employer to the Collective Bargaining Agreement ("CBA") which provides for payment of contributions to the Benefits Funds. The Collective Bargaining Agreement binds the defendant to the provisions of the Agreement and Declaration of Trust ("Trust Agreement") that created the Benefit Funds.

## FACTS

10. Defendant entered into the CBA with Heat and Frost Insulators Local Union No. 28. The CBA established the terms and conditions of employment for heat and frost insulators employed by the Defendant.

11. Pursuant to the CBA, Defendant agreed to pay to the Plaintiffs Benefit Funds certain sums of money for each hour worked by employees of Defendant covered by the CBA.

12. Pursuant to the CBA and the Trust Agreement, Defendant is required to submit monthly reports stating the total number of eligible work hours worked by Defendant's employees in the insulation industry to the Benefit Funds for the purpose of calculating Defendant's monthly contribution amount.

Case No.:        COMPLAINT

13. Upon information and belief, Defendant employed certain employees covered by the CBA beginning on or about April, 2014.

14. Defendant failed to timely submit its monthly contribution payment for May of 2016. Pursuant to the terms of the CBA and Trust Agreement, Defendant is obligated to pay contributions to the Benefit Funds.

15. Under the terms of the Trust Agreement, an employer who fails to make timely contributions to the Benefit Funds for employee fringe benefits is liable to Benefit Funds for all unpaid contributions, plus liquidated damages on the unpaid principal, interest and attorney's fees and collection costs.  See also, 29 U.S.C. §1132(g).

16. Benefit Funds notified Defendant in a letter, date August 5, 2016, that Defendant had failed to timely submit required monthly contributions for hours worked and demanded payment be made. Pursuant to the Trust Agreement, Defendant was also assessed liquidated damages and interest on the delinquent contributions.

17. Although Defendant submitted its monthly contribution payment for May 2016 on DATE, Defendant failed to pay the liquidated damages and interest owed on the delinquent payment.

18. Defendant further failed to timely submit its monthly contributions for September through December of 2016. While Defendant subsequently paid these monthly contributions as well, each late payment was for the monthly contribution alone, and each excluded the liquidated damages and interest that was assessed against Defendant.

19. Defendant has failed to submit monthly reports stating the total number of eligible work hours to the Benefit Funds for January through March of 2017.  Benefit Funds have sent notice to Defendant that these monthly reports must be produced; to date Defendant has not complied with these requests. Defendant has likewise failed to pay monthly contributions for these months, since it is impossible for Benefit Funds to calculate Defendant's monthly contributions without these reports.

Case No.:        COMPLAINT

20. Defendant has failed to submit monthly reports to the Benefit Funds for June and July of 2017. Defendant has likewise failed to pay monthly contributions for these months.

21. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

    (a)     double interest; or

    (b)     interest plus liquidated damages.

## STATEMENT OF CLAIM
### Failure to Make Contractually Required Contributions to Multi-Employer Plan
### (29 U.S.C. §§ 1145 and 185)

22. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 21 as fully set forth herein.

23. This is an action to collect unpaid contributions found owing to a multi-employer benefit plan pursuant to the terms of the Trust Agreement and the Collective Bargaining Agreement.

24. The Defendant's failure to pay liquidated damages and interest on delinquent payments and failure to submit work reports constitute a failure of an employer to make contractually required contributions to a multi-employer plan, as well as a breach of fiduciary duty owed, pursuant to Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

25. Plaintiffs are entitled to judgment for all unpaid contributions, liquidated damages, prejudgment interest and reasonable attorney's fees and costs pursuant to 29 U.S.C. §1132(g)(2).

## PRAYER

WHEREFORE, Plaintiffs respectfully request this Court:

A.     Enter an injunction requiring Defendant to submit documentation evidencing all eligible work hours for all months from January, 2017 to present in which

Case No.:     COMPLAINT

        Defendants failed to supply monthly reports to the Benefit Funds for the purpose of calculating Defendant's monthly contributions;

B. Enter a judgment declaring that Defendant has a contractual obligation to make payments to the Benefit Funds on all (a) hours worked during those months in which monthly reports were not submitted by Defendants; (b) requiring contributions to fund benefits in amount to be determined through discovery or at trial; (c) requiring liquidated damages and interest payments; and (d) requiring the payment of reasonable attorneys' fees and costs of litigation pursuant to the Collective Bargaining Agreement, the Trust Agreement and ERISA.

C. Other such legal and equitable relief as the Court may deem just and equitable.

Dated: August 4, 2017

KRAW LAW GROUP

By: /s/ MICHAEL BEDOLLA
MICHAEL BEDOLLA
mbedolla@kraw.com

Counsel for Plaintiffs

Case No.:        COMPLAINT

6